```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


CANON U.S.A., INC.,           )
                              )
     Plaintiff,               )
                              )
          v.                  )     1:03cv1192 (JCC)
                              )
LEASE GROUP RESOURCES, INC.,  )
                              )
     Defendant.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's renewed motion to vacate in part the stay of this action entered on December 8, 2003 and to authorize Canon to deposit into the registry of the Court all sums otherwise payable to LGR pursuant to the Payment Order entered December 23, 2003.  For the reasons stated below, the Court will deny Plaintiff's motion.

### **I. Background**

This case arises out of leasing transactions between Canon, LGR, and the federal government.  Plaintiff Canon U.S.A., Inc. ("Canon") sells and leases photocopier equipment, facsimile machines, and other products to federal agencies.  Defendant Lease Group Resources, Inc. ("LGR") is a lease finance company.  It purchases equipment that distributors, like Canon, have leased to end-user customers in exchange for the assignment to LGR of lease payments.

Canon and LGR have entered into several thousand transactions.  Federal agencies leased the equipment from Canon.  LGR purchased, or committed to purchase, the equipment covered by the leases from Canon.  Thereafter, LGR collected the monthly lease payments from the federal government lessees.

In July 2001, Canon brought suit against LGR to collect, *inter alia*, approximately $4.7 million allegedly owed by LGR for maintenance of the equipment.  In February 2002, the parties entered into a settlement agreement which resolved their disputes and dismissed the litigation.

After disputes arose again between the parties, Canon and LGR agreed to submit the remaining accounting issues to a Special Master.  On May 23, 2003, Judge Hilton entered an Order referring the matter to the Special Master.

On December 2, 2003, LGR filed a motion for preliminary injunction seeking to prevent Canon from receiving or retaining any payments from Document Automation and Production Service ("DAPS") under a modified agreement that was payable to LGR prior to the modification.  On December 8, 2003, the Court entered an Order staying this matter pending the report of the Special Master.

On December 23, 2003, the Court entered an Order, ("Payment Order") requiring Canon to remit 77% of each payment it receives from DAPS to LGR within 11 days of the receipt of

payment, and to account for the payments from DAPS and the payments made to LGR.  By Order entered January 21, 2005, ("Modification Order") the Court required Canon to remit payments to LGR on the 1st and 15th of each month that include all LGR funds received by Canon up to and including 21 days before the payment date, and to list all invoices Canon disputes as not owing to LGR.

On March 11, 2005, Canon filed a motion to modify the Court's December 23, 2003 Payment Order, as modified by the Modification Order.  Canon sought modification of the Order to permit Canon to deduct from future payments to LGR $108,295.88 which Canon alleges that LGR was not entitled to receive.  On April 1, 2005, Canon filed a motion to modify the Payment Order to use funds payable to LGR pursuant to the Payment Order to pay LGR's obligations to the Special Master in Civil Action No. 01-1086-A, and thereafter to deposit remaining funds payable to LGR in the registry of the Court pending the conclusion of proceedings on the Special Master's report in Civil Action No. 01-1086-A.  On March 22, 2005, Defendant filed a motion to find Plaintiff in civil contempt for engaging in self-help by withholding payments prior to any judicial modification of the Payment Order.  By this Court's Order on April 19, 2005, Plaintiff's March 11th and April 1st motions to modify were denied and Defendant's motion to hold Plaintiff in civil contempt

was granted.  A motion to reconsider the April 19, 2005 Order was denied by Order of May 11, 2005.

On July 24, 2005, the Plaintiff filed a motion to vacate the stay of this action entered on December 8, 2003.  Also within this motion, Plaintiff sought to authorize Canon to deposit into the registry of the Court all sums otherwise payable to LGR, pursuant to terms of its Payment Order entered December 23, 2003.  On September 23, 2005, this Court denied both aspects of the motion.

By Order of September 30, 2005, Judge Hilton adopted the Final Report of the Special Master, which the parties agreed would be final and non-appealable.  Certain issues listed in Section J of the Final Report were returned to the Special Master for resolution.

Finally, on October 7, 2005, Plaintiff filed a renewed motion to vacate the stay order entered on December 8, 2003 and to authorize payment into the Court registry all sums otherwise payable to LGR pursuant to the Payment Order entered December 23, 2003.  This Motion is currently before the Court.

## II. Analysis

As both parties are aware, this Court is extremely cautious with regard to situations in which there is the possibility of conflicting decisions.  *See Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 03-1192, slip op. at 5 (E.D. Va.

Sept. 23, 2005) ("[T]his Court has consistently avoided the potential of conflicting decisions between this Court and the Special Master"); *Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 03-1192, slip op. at 9 (E.D. Va. April 19, 2005) ("The Court refuses to interfere with the proceedings in Civil Action No. 01-1086-A").  The renewed Motion to vacate again gives rise to the potential of conflicting decisions and is therefore denied.

Canon argues that the adoption of the Final Report by Judge Hilton allows this Court to lift the stay of December 8, 2003 without fear of conflicting decisions.  However, the Court does not share Canon's confidence that lifting the stay would not result in at least the possibility of some overlap with Civil Action No. 01-1086-A.  The Order adopting the Special Master's Final Report even states that continued work of the Special Master with regard to the Section J factors "shall not be limited to the specific matters discussed in the Final Report regarding those issues." *Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 01-1086-A (E.D. Va. Sept. 30, 2005).  Even though Canon insists that the claims at issue are unrelated to the Section J matters, the Court is wary about the expansive language of Judge Hilton's Order.  Additionally, the issues in this case are complicated and frequently intertwine, resulting in less than clear boundaries on what is and is not resolved by the Special

Master and what would and would not be open to discovery if the stay were lifted.  Additionally, the interest of keeping this matter entirely separate from Civil Action No. 01-1086-A strongly outweighs the interest in expediting discovery on the claims at issue by an additional seventy or so days.

  Plaintiff's motion to authorize payment into the Court registry for all sums otherwise payable to LGR pursuant to the Payment Order entered December 23, 2003 is a simple recitation of previous motions, and nothing has changed to lead the Court to decide differently than it has in the past.  The Court noted both in response to Plaintiff's April 1, 2005 and July 24, 2005 motions that "[u]ntil such time as the Special Master's Report is received, the Court declines to modify its Payment Order pursuant to either party's present or future requests unless there is extraordinary good cause shown."  *Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 03-1192, slip op. at 6 (E.D. Va. Sept. 23, 2005); *Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 03-1192, slip op. at 9 (E.D. Va. April 19, 2005).  Although the Special Master's Final Report has been adopted by Judge Hilton, there are still outstanding issues that may adjust the amount due between the parties.  Therefore, again, the Court does not find that Canon has proven extraordinary cause, and so the Court will deny Canon's motion to authorize payment into the Court registry.

### III. Conclusion

For the reasons stated above, the Court will deny Plaintiff's renewed motion to vacate the stay order and to authorize payment into the Court registry.  An appropriate Order will issue.


October_17_, 2005                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE