```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division


CANON U.S.A., INC.,            )
                               )
     Plaintiff,                )
                               )
          v.                   )     1:03cv1192 (JCC)
                               )
LEASE GROUP RESOURCES, INC.,   )
                               )
     Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

       This matter is before the Court on Plaintiff Canon U.S.A., Inc.'s motion to vacate the stay order of December 8, 2003 and motion to authorize payment into the court registry all sums otherwise payable to Lease Group Resources, Inc. pursuant to the terms of the Payment Order of December 23, 2003, pending the final judgment of the matters relating to the report of the Special Master.  For the reasons stated below, the Court will deny Plaintiff's motion to vacate the stay order and Plaintiff's motion to authorize payment into the court registry.

### I. Background

       This case arises out of leasing transactions between Canon, LGR, and the federal government.  Plaintiff Canon U.S.A., Inc. ("Canon") sells and leases photocopier equipment, facsimile machines, and other products to federal agencies.  Defendant Lease Group Resources, Inc. ("LGR") is a lease finance company. It purchases equipment that distributors, like Canon, have leased

to end-user customers in exchange for the assignment to LGR of lease payments.

Canon and LGR have entered into several thousand transactions.  Federal agencies leased the equipment from Canon.  LGR purchased, or committed to purchase, the equipment covered by the leases from Canon.  Thereafter, LGR collected the monthly lease payments from the federal government lessees.

In July 2001, Canon brought suit against LGR to collect, *inter alia*, approximately $4.7 million allegedly owed by LGR for maintenance of the equipment.  In February 2002, the parties entered into a settlement agreement which resolved their disputes and dismissed the litigation.

After disputes arose between the parties, Canon and LGR agreed to submit the remaining accounting issues to a Special Master.  On May 23, 2003, Judge Hilton entered an Order referring the matter to the Special Master.

On December 2, 2003, LGR filed a motion for preliminary injunction seeking to prevent Canon from receiving or retaining any payments from Document Automation and Production Service ("DAPS") under a modified agreement that was payable to LGR prior to the modification.  On December 8, 2003, the Court entered an Order staying this matter pending the report of the Special Master.

On December 23, 2003, the Court entered an Order,

("Payment Order") requiring Canon to remit 77% of each payment it receives from DAPS to LGR within 11 days of the receipt of payment, and to account for the payments from DAPS and the payments made to LGR.  By Order entered January 21, 2005, ("Modification Order") the Court required Canon to remit payments to LGR on the 1st and 15th of each month that include all LGR funds received by Canon up to and including 21 days before the payment date, and to list all invoices Canon disputes as not owing to LGR.

On March 11, 2005, Canon filed a motion to modify the Court's December 23, 2003 Payment Order, as modified by the Modification Order.  Canon sought modification of the Order to permit Canon to deduct from future payments to LGR $108,295.88 which Canon alleges that LGR was not entitled to receive.  LGR subsequently filed its own motion to hold Canon in contempt for allegedly engaging in self-help and unilaterally withholding $56,265.20 belonging to LGR.  On April 1, 2005, Canon filed a motion to modify the Payment Order to use funds payable to LGR pursuant to the Payment Order to pay LGR's obligations to the Special Master in Civil Action No. 01-1086-A, and thereafter to deposit remaining funds payable to LGR in the registry of the Court pending the conclusion of proceedings on the Special Master's report in Civil Action No. 01-1086-A.  On March 22, 2005, Defendant filed a motion to find Plaintiff in civil

contempt for engaging in self-help by withholding payments prior to any judicial modification of the Payment Order.  By this Court's Order on April 19, 2005, Plaintiff's March 11th and April 1st motions to modify were denied and Defendant's motion to hold Plaintiff in civil contempt was granted.  A motion to reconsider the April 19, 2005 Order was denied by Order of May 11, 2005.

On July 24, 2005, the Plaintiff filed a Motion to vacate the stay of this action entered on December 8, 2003 as to two issues: 1) the disposition of current lease revenues subject to the Court's Payment Order of December 23, 2003, and 2) issues in this case that were not fully resolved by the Special Mater's report.  The Plaintiff also filed a Motion to authorize Canon to deposit into the registry of the Court all sums otherwise payable to LGR, pursuant to terms of its Payment Order entered December 23, 2003, pending the entry of a final judgment in Civil Action No. 01-1086-A based on the report of the Special Master in that case.  These motions are currently before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment, order, or proceeding if it is no longer equitable that the judgment should have prospective application, or for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(5)-(6).  As set forth in *Transp., Inc. v. Mayflower Servs.,*

*Inc.*, "[t]he decision to grant Rule 60(b) relief from a final order is committed to the sound discretion of the district court and can be reviewed only for abuse of that discretion." 769 F.2d 952, 954 (4th Cir. 1985)(internal citations omitted).

### III. Analysis

For the duration of this litigation, this Court has consistently avoided the potential of conflicting decisions between this Court and the Special Master. *See Canon U.S.A., Inc. v. Lease Group Resources, Inc.*, No. 03-1192, slip op. at 9 (E.D. Va. April 19, 2005) ("The Court refuses to interfere with the proceedings in Civil Action No. 01-1086-A"). Plaintiff's Motion to Vacate gives rise to the potential of conflicting decisions and is therefore denied as to both of the issues in which the Plaintiff asks for the stay to be lifted.

Canon asks that the Court lift the stay as to issues in this case that were not fully resolved by the Special Master's report. Because it is impossible to determine which issues will not be fully resolved by the Special Master's report until the final report is accepted by Judge Hilton, the Court cannot grant this request. Importantly, LGR intends to request that "Judge Hilton resubmit the Report and require that the Special Master make a final determination on *all* issues within the scope of the Order of Reference." (Def.'s Opp. ¶C.) Thus, the simple fact that the Special Master's Report has certain topics on an

-5-

unresolved list does not imply that these issues are undoubtedly outside the realm of the Special Master's final determination. To avoid conflicting decisions, the Court will not lift the stay as to unresolved matters.

Plaintiff's motion to authorize payment into the court registry for all sums otherwise payable to LGR pursuant to the terms of the Payment Order is interconnected with Plaintiff's motion to lift the stay as to the disposition of current lease revenues subject to the Court's Payment Order of December 23, 2003. The motion to authorize payment into the court registry largely mirrors Plaintiff's April 1, 2005 motion to do the same. In response to Plaintiff's April 1, 2005 motion, this Court stated in the Order of April 19, 2005: "Until such time as the Special Master's Report is received, the Court declines to modify its Payment Order pursuant to either party's present or future requests unless there is extraordinary good cause shown." *Id.*

The present motion classifies as a future request, and Plaintiff has not shown extraordinary good cause to justify modification of the Payment Order. In fact, the Court notes the similarity of this present Motion to the motion to modify which the Court denied on January 21, 2005. There is nothing novel about Plaintiff's current request that would justify a finding of extraordinary cause here when the Court did not find such cause in previous requests. Furthermore, because the Special Master's

Report in Civil Action No. 01-1086-A is submitted and the parties have already filed papers in response thereto, the matter is likely to be resolved in a timely fashion, and any harm suffered by the Plaintiff during this period does not qualify as extraordinary.  Therefore, the motion to authorize payment into the court registry is denied.

### IV. Conclusion

For the reasons stated above, Canon's motion to vacate the stay order and motion to authorize payment into the court registry are denied.  An appropriate Order will issue.


September__23, 2005                     _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE